UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY RICHARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | No. |
| ) | |
| THE ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, TIMOTHY RICHARDS by and through his attorneys, the Henderson Banks Law, LLC, and for his Complaint at Law, states as follows:

**JURISDICTION**

1. This is a suit in equity authorized and instituted pursuant to the Race Discrimination in Employment Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2 and Title VII of the United States Code for Defendant's unlawful termination of its employment. Jurisdiction of this court is based upon a federal question, 28 U.S.C. Sec. 1331. The Jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. Sec. 621 *et. seq.,* 42 U.S.C. § 2000(e) – 2, and by 29 U.S.C. §201, providing for declaratory, injunctive, compensatory and other relief for discrimination based upon race.

2. Venue in this district is proper under 28 U.S.C. Sec.1391 (B). The Defendant resides or resided in this district and the events giving rise to Plaintiff's claims occurred here.

1

3. All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"), by Plaintiff, TIMOTHY RICHARDS ("RICHARDS"), on April 15, 2020, a copy of which is attached hereto as **Exhibit 1**.

    b. RICHARDS was issued a notice of right to sue by the EEOC on October 27, 2023, a copy of which is attached hereto as **Exhibit 2**.

## PARTIES

4. RICHARDS is a citizen of the United States and the State of Illinois and resides in Crest Hill, Cook County, Illinois.

5. RICHARDS is a member of the protected class, race, Black.

6. RICHARDS was an "employee" as that term is defined by Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

7. THE ILLINOIS DEPARTMENT OF CORRECTIONS (the "Department" or "IDOC") is the department of the Illinois State Government that operates the adult state prison system.

8. RICHARDS was employed at IDOC location Statesville Correctional Center, located at 16830 South Route 53, Crest Hill, Illinois 60403.

## COUNT I
## ALLEGATIONS OF DISCRIMINATION BASED UPON TITLE VII – TERMINATION – RACE

9. Defendant, in violation of the provisions of Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) – 2,. has denied and continues to deny RICHARDS an equal opportunity for employment, because of race. Defendant has engaged in and is engaging

in the following unlawful practices with the purpose and effect of denying RICHARDS equal opportunity.

10. Throughout his employment with the Department, up to and through RICHARDS's discharge on March 13, 2020, RICHARD performed according to the Department's legitimate expectations.

11. RICHARDS began his employment with Defendant in or about January 2001.

12. During his employment with the Department, up to and through RICHARDS's discharge on March 13, 2020, RICHARDS position title was Correctional Lieutenant.

13. On March 13, 2020, Defendant terminated Plaintiff's employment.

14. RICHARDS was accused of excessive force, which resulted in no criminal convictions.

15. Defendant IDOC employed several non – Black employees that were not subjected to termination for similar accusations.

16. The IDOC, Statesville Correctional Center had knowledge of four non – Black, White male employees who were accused of excessive force and discipline did not result in termination.

17. Officer Nodine, a White male employee at Statesville Correctional Center was accused and charged of excessive force, the incident was video recorded, he was charged with excessive force and received approximately a three (3) to five (5) day suspension from his work duties. Shortly after this incident, this employee was later promoted to lieutenant.

18. Sergeant Berkley, a White male employee at Statesville Correctional Center was accused and charged with excessive force of an inmate, which resulted in his termination. During this incident, the inmate was severely injured. Sergeant Berkley was rehired and returned back to his position at Statesville Correctional Center

19. Lieutenant Dunlap, a White male employee at Statesville Correctional Center was accused and charged with misconduct after ordering an illegal cavity search of an inmate. He received no discipline and remains' employed with the IDOC at Statesville Correctional Center.

20. Lieutenant Artle, a White male employee at Statesville Correctional Center was accused and charged with excessive force of an inmate. He received no discipline and remains' employed with the IDOC at Statesville Correctional Center.

21. Upon information and belief, in the past ten years, there have been several, similarly situated, non-black employees, who have been accused of excessive force, who have not been terminated like RICHARDS.

16. RICHARDS was subjected to race discrimination in that there was a double standard set up between Black employees and White employees not included within the protected class.

17. Race was the determining factor in Plaintiff RICHARDS's discriminatory treatment and the decision to terminate his employment. But for Plaintiff's race, he would not have been terminated. Defendant knew that the discriminatory treatment of Plaintiff on account of race violated the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2.

18. In terminating RICHARDS, Defendant maliciously and/or recklessly violated the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2.

19. The unlawful employment practices alleged herein were committed within the State of Illinois.

20. This is a proceeding for a declaratory judgment as to Plaintiff's rights for a permanent injunction restraining Defendant from maintaining a policy, practice, custom or usage of discriminating against Plaintiff because of race with respect to compensation, terms, conditions and privileges of employment and in ways that deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee, because of race. This complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that would have been received by him, but for Defendant's unlawful and discriminatory practices.

21. Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policy, practice, custom and usage as set forth herein until and unless enjoined by the Court.

22. Plaintiff also seeks compensation for backpay, front pay, attorneys fees, emotional distress damages and any other relief this court deems fair and just.

23. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, TIMOTHY RICHARDS respectfully prays that this Honorable Court:

1. Enter a declaratory judgment that the practices complained of herein are unlawful and violative of the Race Discrimination in Employment Act;

2. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

3. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that they will not discriminate on the basis of race;

4. Immediately assign Plaintiff to that job he would now be occupying but for the discriminatory practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the discriminatory practices of Defendant, or, if this is impossible, award Plaintiff front-end pay;

5. Compensate and make Plaintiff whole for all earnings, wages, bonuses and fringe benefits, including prejudgment interest and other benefits that he would have received but for the discriminatory practices of Defendant;

6. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

7. Award Plaintiff liquidated damages for Defendant's willful conduct; and

8. Grant such other relief as may be just and proper.

.

          **TIMOTHY RICHARDS,**
          **Plaintiff,**

          /s/ Henderson M. Banks
          One of his attorneys

Henderson M. Banks
Crystal R. Sims
**HENDERSON BANKS LAW LLC**
77 W. Wacker Drive
Suite 4500
Chicago, IL 60601
(312) 741-0981
hbanks@hendersonbankslaw.com
csims@hendersonbankslaw.com